PEOPLE *v.* JONESI.

1. CRIMINAL LAW—CONSPIRACY TO DEFRAUD—FALSE PRETENSES—
   ARGUMENT OF COUNSEL—EVIDENCE.

   In a prosecution for conspiracy to defraud by false pre-
   tenses, argument of counsel for the people and testimony
   admitted on behalf of the people *held*, not to exceed the
   latitude allowed in a false pretense case.

2. SAME—TRIAL—REQUESTS TO CHARGE—INSTRUCTIONS.

   The trial court was not in error in refusing requests to
   charge which either did not state the law applicable to
   the case or were fully covered by the charge as given.

3. SAME—DIRECTED VERDICT—EVIDENCE—SUFFICIENCY.

   The claim of one of the defendants that he was only an
   office boy and therefore should be discharged, *held*, not
   justified by the record.

4. SAME—CONVICTION JUSTIFIED BY RECORD.

   The conviction of defendants, *held*, justified by the record,
   which shows that the trial was conducted with great
   care and without reversible error.

Error to recorder's court of Detroit; Keidan (Harry
B.), J.    Submitted April 13, 1923.    (Docket No.
106.)    Decided June 4, 1923.    Rehearing denied
July 19, 1923.

Charles Jonesi and Oscar Rubin were convicted of
conspiracy to defraud.    Affirmed.

*Wicker & Quaine* (*Abram W. Sempliner*, of coun-
sel), for appellants.

*Andrew B. Dougherty*, Attorney General, *Paul W.
Voorhies*, Prosecuting Attorney, and *W. McKay Skill-
man*, Assistant Prosecuting Attorney, for the people.

MOORE, J. The defendants were convicted of the common law offense of conspiracy to defraud by divers false pretenses, subtle means and devices. On or about the 1st day of September, 1921, L. J. Sinkula came to Detroit and engaged in the stock brokerage business under the name of L. J. Sinkula Company. A license to do business had been procured from the securities commission of the State of Michigan. An elegant suite of offices was rented and a sales organization was organized to sell stock to the public. Stock was sold to many customers of different nationalities in the city of Detroit, and from time to time alleged profits were paid to different customers on an alleged resale of their stock investments. The L. J. Sinkula Company continued in business until on or about the 25th day of February, 1922, when the concern suddenly ceased to operate and many investors lost all the money they had paid to the company. These sums aggregated a very large amount.

During the operations of L. J. Sinkula Company, Charles Jonesi, one of the defendants, was the sales manager who held meetings of salesmen and gave talks on salesmanship. It is claimed by counsel that Oscar Rubin, the other defendant, was simply running errands, making deposits in the bank, and doing such menial tasks as cleaning the floor, opening and closing windows, and on one or two occasions bringing in the breakfast of Charles Jonesi. Leo Jonesi, A. L. Cohen, Joseph Rothstein, and A. C. Bienfeld, are also made defendants, but were never brought to trial for the reason that they so effectually disappeared that they could not be found by the officers.

Complaint is made by counsel for the appellants that the prosecuting attorney was permitted by the court to make argumentative statements in his opening address to the jury over objection of counsel for de-

fendants.   Complaint is also made of the admission
of testimony.   It is also alleged that the court
erred in denying the motion of counsel for de-
fendants to dismiss the case on the ground that the
people had not made out a case which was sufficient
to go to the jury.   Also as to the same motion
renewed as to defendant Rubin individually; also as
to motion of defendants' counsel to direct a verdict of
not guilty because of variance between the informa-
tion and the proofs.   It is also claimed the court
erred in not giving requests of counsel and that the
court erred in his charge as given to the jury.

Upon the trial counsel interposed a challenge to the
array of jurors, and the fact that the judge over-
ruled this challenge is assigned as error.   This court,
since the challenge was interposed, has made several
rulings indicating that the challenge was not well
taken.   It is probable that because of these rulings
counsel do not discuss that feature of the case in
their briefs, and it is more than likely that the case
would not be in this court at all had it not been that
counsel thought the jury was illegally obtained.   The
case was a very important one, with many angles and
ramifications.   A large number of witnesses were
sworn.   The record makes more than 650 printed
pages.

The argument of counsel for the people, the testi-
mony admitted on behalf of the people did not exceed
the latitude allowed in a false pretense case.   The re-
quests presented by counsel either did not state the
law applicable to the case or they were most fully
covered by the charge given by the court.   As to the
claim that Mr. Rubin was only an office boy, it may
be said that the record shows he was an exceedingly
useful one in beguiling dollars from a credulous and
gullible public.

A careful examination of the voluminous record in this case shows that the trial was conducted with great care and without reversible error.

The conviction is affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.